UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARQUIS CRAIG, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No 1:16-cv-0921-TWP-MPB ) |
| DUSHAN ZATECKY, | ) ) |
| Respondent. | ) ) |

**Entry and Order Dismissing Action**

Marquis Craig seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 15-09-0094. In his habeas petition, Mr. Craig challenged a 180 day loss of earned credit time and a six-month stay in disciplinary segregation which were imposed after Mr. Craig was found guilty of possession of a cell phone. However, the respondent contends that Mr. Craig was sanctioned only with a six-month stay in disciplinary segregation and a verbal reprimand. Mr. Craig did not, they argue, lose any earned credit time nor was he demoted in credit class.

**Discussion**

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). If a habeas petitioner has suffered the deprivation of a protected liberty interest the procedural protections delineated in *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some

evidence." *Superintend. Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Mr. Craig must meet the "in custody" requirement of § 2254(a) for relief. Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). Here, the record shows that the sanctions Mr. Craig received were non-custodial. [dkt. 9-5]. *See i.e., Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (loss of preferred prison living arrangement, prison job and eligibility for rehabilitative programs are not sufficient consequences of a disciplinary proceeding to require due process); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (stating that not every prison action that adversely affects the prisoner requires due process, such as a transfer to a substantially less agreeable prison and an unfavorable classification for rehabilitative programs). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

Mr. Craig did not reply to the respondent's motion to dismiss. Because the undisputed record shows that Mr. Craig is not entitled to any relief under § 2254(a), the respondent's motion to dismiss [dkt. 9] is **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/22/2016

Distribution:

Marquis Craig, #178000
Pendleton Correctional Facility
Electronic Service Participant-Court only

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronically registered counsel